UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID HALADAY, a single man,
MATTHEW DARE, a single man,

Plaintiff,

v.

THURSTON COUNTY FIRE DISTRICT NO. 1, UNITED STATES POSTAL SERVICE, a Government Agency with a branch located in Centralia, Washington,

Defendant.

Case No. C04-5395

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Before the court is the motion of Plaintiffs David Haladay and Matthew Dare for leave to amend their complaint and correct drafting errors. The court, having review the motion, the proposed amendments, and opposition of Defendant Thurston County Fire District No. 1 ("the District")[1], finds that the proposed amendments are untimely, made with undue delay and will result in prejudice to the District.

I.

Contrary to Plaintiffs' belief, the court's Order Scheduling Pretrial Dates provides a filing deadline for pleadings of October 17, 2005. The deadline for filing dispositive motions was

---

[1] Plaintiff's reply, filed late due to problems with the court's electronic filing system, has also been reviewed and considered by the court.

ORDER - 1

November 4, 2005.

The Complaint was filed on July 2, 2004. Plaintiffs' motion for leave to amend was filed on November 4, 2005. On that same day, the District filed its motion for summary judgment. Plaintiffs' motion to amend is based on the alleged discovery of "an additional claim that could be asserted against the Defendant," and that this claim was previously unknown to Plaintiffs. Plaintiffs also claim that, due to drafting errors of their counsel, "a clause" was left out of the complaint that was intended to be put in the complaint. Plaintiffs do not specify either the "additional claim" or omitted "clause."

## II.

Leave to amend shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). Five factors are considered by the court: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Not all five factors need to apply to deny a motion to amend. *Id.* The court finds that undue delay and prejudice to the District in this case require denial of Plaintiffs' motion.

It is undisputed that Plaintiffs' motion is untimely as it was filed sixteen months after their original complaint and after the court's deadline for filing amended pleadings.

Plaintiffs have provided the court with no guidance as to where its "new claim" occurs in the proposed Amended Complaint. Although Defendant has gone to the trouble of parsing out the additional language for the court's convenience, it still remains unclear to the court which new language is being added due to a faulty drafting error and which is being added due to new facts uncovered during discovery. In fact, the new theories included in the proposed amended complaint are conclusory allegations unsupported by facts. Additionally, there is no justification for allowing an amendment where, as here, the facts and the theory were known, or should have been known, to Plaintiffs prior to filing their complaint (*i.e.*, failure to investigate a claim filed four months before

ORDER - 2

this action; failure to accommodate Plaintiff Haladay during testing).

Plaintiffs' attempt to add a conspiracy claim must also fail as they have failed to allege an agreement or overt unlawful act. Although Plaintiffs' counsel has attempted to outline factual allegations recently learned in discovery, they do not appear in the proposed amendment and no explanation is given for the delay in filing.[2]

Similarly, Plaintiffs' attempt to add a claim for intentional infliction of emotional distress as to Plaintiff Dare must be denied because it states only a new legal theory.

Plaintiffs' justification of faulty drafting is also not persuasive as the reasons set forth are vague, unsupported and unexplained. Plaintiffs claim that a clause was "left out" of the complaint "that was intended to be put in the complaint." However, Plaintiffs do not identify which clause or a solid reason for why it was omitted. As Plaintiffs claim the clause was intended to be included, the Court can only conclude that Plaintiffs were aware of it at the time of the initial drafting.

III.

Defendants will be forced to seek additional discovery (in addition to the two sets of written interrogatories and requests for production already propounded and 13 depositions already taken) in order to properly prepare its defenses to the new theories, including those of conspiracy and emotional distress as to Plaintiff Dare. The additional discovery will necessarily increase the cost of this litigation. The court's case schedule will also be disrupted and delayed as discovery is reopened and other pretrial dates are reset. In addition, ruling on the District's pending summary judgment

---

[2]The parties devote a great deal of time arguing whether Plaintiffs obstructed the discovery process or whether the trial schedule of Plaintiffs' counsel is to blame. As relief from any discovery disputes or obstacles was never sought, the court declines to arbitrate the issue now. It could be inferred from Plaintiffs' motion that "new" facts were discovered during defense depositions (taken by agreement between October 4th and October 21st). However, Plaintiffs fail to articulate when the operable facts were discovered and why, if the deadline had passed, they did not seek an extension (counsel's insistence that there was no amendment deadline notwithstanding). More importantly, as noted above, the proposed amendment contains no facts to support the "newly" discovered causes of action.

ORDER - 3

motion will be delayed to allow a rewrite after additional discovery and further research. The resulting increased cost to the District is unfair and unwarranted.

ACCORDINGLY,

IT IS ORDERED:

(1) Plaintiffs' motion for leave to amend complaint and to correct drafting (Dkt.#28) is **DENIED**.

DATED this 22nd day of November, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4